**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE FLUENCE ENERGY, INC. | ) | Lead Case No. 1:25-cv-521 (PTG/WEF) |
| SHAREHOLDER DERIVATIVE | ) | |
| LITIGATION | ) | |
| | ) | |
| | ) | |

**ORDER**

This matter is before the Court on Defendants' Motion to Stay the Consolidated Derivative Action Pending Resolution of the Related Securities Class Action ("Motion"). Dkt. 21. On March 25, 2025, Plaintiff Raffi Elmajian ("Plaintiff") filed the instant shareholder derivative complaint for the benefit of Nominal Defendant Fluence Energy, Inc. ("Fluence"), asserting claims against Fluence's Board of Directors and certain executive officers ("Defendants") for alleged breaches of fiduciary duties and violations of federal law. Dkt. 1. On April 3, 2025, Plaintiff Diaa Al Ahmad filed a separate shareholder derivative complaint in *Al Amad v. Nebreda, et al.*, Case No. 1:25-cv-00577, on behalf of Fluence, asserting similar claims against its Board of Directors and certain executive officers. On April 22, 2025, this Court consolidated the two actions under *In re Fluence Energy, Inc. Shareholder Derivative Litigation*, Lead Case No. 1:25-cv-00521 (the "Consolidated Derivative Action"). Dkt. 18.

On June 20, 2025, Defendants filed this Motion seeking a stay in the Consolidated Derivative Action pending the resolution of a related securities class action before this Court, captioned *In re Fluence Energy, Inc. Securities Litigation*, Civil Action No. 1:25-cv-00444 (the "Related Securities Class Action"). Dkt. 21. Defendants contend the Consolidated Derivative Action and the Related Securities Class Action bear substantial overlaps, including common

alleged misstatements, defendants, bases for liability under Section 14(a) of the Exchange Act of 1934 (the "Exchange Act"). *Id.* at 2-3. Defendants further argue that consolidating this action with the class action would be inappropriate because it would render Fluence as a defendant in the Securities Class Action "at the same time shareholders purport to assert claims on Fluence's behalf as plaintiffs in the Consolidated Derivative Action." *Id.* at 3. Plaintiffs did not file an opposition and, according to Defendants' motion, do not oppose such relief. *Id.* at 4. Accordingly, for the reasons that follow, the Court will grant the motion to stay.

"A district court has the 'inherent power' to stay a pending action to ensure both the 'efficient management of [its] docket[],' as well as 'economy of time and effort for itself, for counsel, and for litigants.'" *Hawley v. Johnson & Johnson*, No. 3:11-cv-195-HEH, 2011 WL 7946243, at *1 (E.D. Va. Apr. 29, 2011) (quoting *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering a motion to stay, "a district court should consider three factors: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party.'" *Sehler v. Prospect Mortg., LLC*, No. 1:13-cv-73-JCC-TRJ, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013) (citation omitted). The moving party "must justify [the stay] by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Buzzell v. JP Morgan Chase Bank*, 2015 WL 5254768, at *2 (E.D. Va. Sept. 9, 2015) (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir.1983)).

The Court finds that a stay is warranted. A court is justified to grant a discretionary stay where "[t]he two cases are very similar and present almost identical legal questions" such that there may be "unnecessary duplication of judicial efforts." *Actelion Pharms. Ltd. v. Lee*, No. 1:15-cv-1266, 2016 WL 205377, at *4 (E.D. Va. Jan. 13, 2016); *Endres v. Jackson Hewitt Tax Serv.*

2

*Inc.*, No. 2:19-cv-37, 2019 WL 758603, at *2 (E.D. Va. Feb. 20, 2019) ("[W]hen weighing the relatively brief delay against the possibility of duplicitous and costly litigation efforts, a stay is justified."). Here, the two Actions overlap on factual and legal issues, and proceeding with both Actions in parallel would risk judicial inefficiencies as well as potentially inconsistent rulings. In addition, the resolution of the Class Action "may substantially and properly affect the company's evaluation of how to proceed in this case." *Inloes v. Williams*, No. 1:13-cv-550, 2014 WL 819135, at *2 (E.D. Va. Feb. 28, 2014); *New Star Realty & Inv. Corp. v. New Star Enters., Inc.*, No. 1:17-cv-1292, 2017 WL 11571464 (E.D. Va. Dec. 13, 2017) (observing that "a stay is particularly appropriate where the outcome of a pending case might substantially affect the issue in a case pending before a district court"). Indeed, courts in this district routinely stay derivative actions while related securities actions are pending. *Inloes*, 2014 WL 819135, at *2; Dkt. 9, *In re Spire Global, Inc. S'holder Deriv. Litig.*, No. 1:24-cv-01596 (E.D. Va. Nov. 14, 2024); Dkt. 11, *Hollin v. Herzog*, No. 1:24-cv-01521 (E.D. Va. Nov. 4, 2024).

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Stay (Dkt. 21) is **GRANTED**; it is further

**ORDERED** that all proceedings and deadlines in the above-referenced Consolidated Derivative Action shall be **STAYED** until the resolution of the Related Securities Class Action, *In re Fluence Energy, Inc. Securities Litigation*, Civil Action No. 1:25-cv-00444. The parties shall meet and confer within fifteen (15) days of the Related Securities Class Action's resolution and file a status report with the Court on the appropriate next steps in this matter.

Any of the parties to the Consolidated Derivative Action may request that the Court lift the stay upon providing the other parties with written notice of at least ten (10) business days on the basis for good cause before filing a motion before this Court. If good cause is contested, the Parties

3

Parties shall work together to propose a briefing schedule on the question of whether good cause exists to lift the stay. Plaintiffs may file an amended complaint during the pendency of the stay, but Defendants shall not be obligated to respond to the current complaint or any subsequent complaint while the Consolidated Derivative Action is stayed.

Entered this ___21st___ day of July, 2025.
Alexandria, Virginia.

/s/
Patricia Tolliver Giles
United States District Judge

4